**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MARION LABAT, et al.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 26-444** |
| **ANCO INSULATIONS, INC., et al.** | **SECTION: “G”(5)** |

**ORDER AND REASONS**

Before the Court is Plaintiffs Marion Labat, Jan Labat, Tina Labat Rivet, Daniel Labat, and Angela Sampey’s (collectively, “Plaintiffs”) Motion to Remand.[1] In this litigation, Plaintiffs allege that decedent Ricardo J. Labat (“Decedent”) was exposed to asbestos and asbestos containing products “sold, distributed, supplied, removed, used, manipulated and/or maintained” by various entities through his employment with Huntington Ingalls Incorporated (f/k/a Northrop Grumman Shipbuilding, Inc., f/k/a Northrop Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc., f/k/a Avondale Shipyards, Inc.) (“Avondale”).[2]

This case was removed by Avondale pursuant to the federal officer removal statute.[3] Plaintiffs seek to remand this case to state court, arguing that the removal was untimely.[4] Avondale opposes the motion.[5] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion to remand.

[1] Rec. Doc. 6 at 1.

[2] Rec. Doc. 1-1 at 8.

[3] 28 U.S.C. § 1442(a)(1).

[4] Rec. Doc. 6.

[5] Rec. Doc. 7.

## I. Background

On July 10, 2025, Plaintiffs filed a Petition for Damages and Wrongful Death in the Civil District Court for the Parish of Orleans, State of Louisiana against Defendants Anco Insulations, Inc., Bayer Cropscience, Inc., Fidelity and Casualty Insurance Company of New York, First State Insurance Company, Foster Wheeler, LLC, General Electric Company, Hopeman Brothers, Inc., Huntington Ingalls, Inc., Liberty Mutual Insurance Company, Metropolitan Life Insurance Company, Occidental Chemical Corporation, Paramount Global, Taylor-Seidenbach, Inc., The Travelers Indemnity Company, and Uniroyal Holdings, Inc.[6] In the Petition, Plaintiffs aver that "Decedent was employed as a painter for Avondale Shipyard . . . between June of 1965 and January of 1966" and "work[ed] in maintenance at Hooker Chemical Corporation between June of 1966 and October of 1971."[7]

The Petition alleges that during these periods of employment, by virtue of his job duties, Decedent "had significant exposure to asbestos and asbestos-containing products."[8] Plaintiffs further aver that Decedent "contracted asbestos-related lung cancer and subsequently died" from said exposure.[9] The Petition asserts claims against the named defendants under theories of manufacturers' liability, failure to warn, strict liability, distributors' liability, and negligence.[10] Plaintiffs bring negligence, strict liability, and intentional tort claims against Avondale.[11] The Petition alleges that Avondale "knew or should have known that asbestos posed substantial health

---

[6] Rec. Doc. 1-1 at 6.

[7] *Id.* at 8.

[8] *Id.*

[9] *Id.*

[10] *Id.* at 11–30.

[11] *Id.* at 29–31.

risks to those exposed to it" and that Avondale "consciously and intentionally chose not to inform Decedent of this information or implement any meaningful safety precautions, all of which was a substantial contributing cause of Decedent's injuries."[12] In the Petition, Plaintiffs explicitly disclaimed "any causes of action or potential recoveries for any injuries caused by any exposures to asbestos that occurred in a federal enclave. . . . [and] any causes of action or potential recoveries for any injuries caused by any acts or omissions of a party committed in connection or association with or at the direction of an officer of the United States of America."[13]

Avondale removed the case to this Court on March 2, 2026.[14] In the Notice of Removal, Avondale asserts that this Court has "subject matter jurisdiction under 28 U.S.C. § 1441 in that the action arises 'under the Constitution, laws or treaties of the United States' within the meaning of that statute, and because Avondale was, at all material times, acting under an officer of the United States as set forth in 28 U.S.C. § 1442(a)(1)."[15]

The Notice of Removal states that Avondale became aware of such jurisdiction when it received Plaintiffs' discovery responses.[16] Specifically, Avondale avers that in the "Responses to the First Set of Requests for Admission, Interrogatories, and Requests for Production. . . . Plaintiffs admit that [Decedent] was exposed to asbestos-containing products from Foster Wheeler, General Electric, Hopeman Brothers, and Paramount Global/Westinghouse" and that Plaintiff produced Decedent's "personnel records, which show Avondale employment from June 10, 1965 until

[12] *Id.* at 31.

[13] *Id.* at 9.

[14] Rec. Doc. 1.

[15] *Id.* at 2.

[16] *Id.* at 3–5.

January 3, 1966."[17] Avondale further avers that during the relevant time period, the named companies' machinery was only aboard vessels constructed pursuant to Avondale's contracts with the U.S. Maritime Administration ("MARAD"), the U.S. Navy, and the federal government.[18] Avondale concludes that "given Plaintiff's discovery responses[,]" it is clear that Decedent's asbestos exposure was "necessarily attributable to . . . Avondale's contracts with the federal government"[19] Thus, Avondale submits that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1442(a)(1), and removal is timely "under 28 U.S.C. § 1446."[20]

On March 31, 2026, Plaintiffs filed the instant Motion to Remand.[21] On April 7, 2026, Avondale filed an opposition to the motion.[22]

## II. Parties' Arguments

### *A. Plaintiffs' Arguments in Support of the Motion to Remand*

In the instant motion, Plaintiffs argue that they made no claims which are subject to federal jurisdiction, and Avondale's removal of this matter was untimely pursuant to 28 U.S.C. § 1446(b)(1).[23] Plaintiffs submit that they "explicitly disclaimed" all causes of action against Avondale "which may have occurred in the federal enclave[]" and those "caused by any acts or

---

[17] *Id.* at 3.

[18] *Id.* at 3–4.

[19] *Id.* at 4–5.

[20] *Id.*

[21] Rec. Doc. 6.

[22] Rec. Doc. 7.

[23] Rec. Doc. 6-1 at 1–2.

omissions of a party committed in connection or association with or at the direction of" a federal officer.[24] Thus, Plaintiff argue, removal is improper under the federal officer removal statute.[25]

Alternatively, Plaintiffs argue that Avondale's removal is untimely because the information used as the basis of Avondale's removal was available to them in the Petition, which was served on Avondale on July 23, 2025, more than seven months before Avondale removed the case.[26] Plaintiffs assert that under 28 U.S.C. § 1446(b)(1), a defendant seeking to remove an action from state court must file a Notice of Removal within 30 days of service of the initial pleading.[27] Plaintiffs further assert that while 28 U.S.C. § 1446(b)(3) states "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable[,]" it is "only applicable when the initial pleading is not removable."[28]

Plaintiffs aver that the information Avondale has used as the basis for its removal was not available for the first time in Plaintiffs' discovery responses.[29] Specifically, Plaintiffs aver the fact that Decedent "was exposed to asbestos-containing products from Foster Wheeler, General Electric, Hopeman Brothers, and Paramount Global/Westinghouse" and his employment period with Avondale were both alleged in the Petition.[30] Plaintiffs argue that because Avondale did not

---

[24] *Id.* at 2.

[25] *Id.*

[26] *Id.*

[27] *Id.* at 2–3.

[28] *Id.* at 3.

[29] *Id.* at 2.

[30] *Id.* at 4.

receive any new information in Plaintiffs' discovery responses, Avondale's conclusion that Decedent's employment was aboard vessels constructed pursuant to federal contracts must have been made based on its own knowledge, which it presumably had when it received the Petition.[31] However, Plaintiffs argue, Avondale is currently represented by the same counsel that represented it in multiple cases "involving allegations that such Plaintiff(s) were exposed at Avondale shipyard[,]" and thus Avondale "had actual notice, not just subjective knowledge" that the case was removable.[32] Therefore, Plaintiffs argue that Avondale's 30-day period to timely file a notice of removal started on July 23, 2025, and the filing on March 20, 2026 was untimely pursuant to 28 U.S.C. § 1446(b)(1) and precluded pursuant to 28 U.S.C. § 1446(b)(3).[33]

### *B. Avondale's Opposition to the Motion to Remand*

In opposition to the motion, Avondale asserts that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1442(a).[34] Avondale argues that its removal was timely under the Federal officer removal statute.[35] Avondale further argues that it satisfies all substantive requirements of the removal statute.[36] Avondale avers that Plaintiffs' pre-removal disclaimer is ineffective.[37] Thus,

---

[31] *Id.*

[32] *Id*. at 6–7. Specifically, Plaintiffs cite *Percy Brignac v. Anco Insulations, Inc., et al.*, Case No. 2:23-cv-03124; *Cary Gomez v. Aardvark Contractors, Inc., et al.*, Case No. 2:18-cv-04186; and *William Prude v. Fidelity and Casualty Ins. Co. of New York, et al.*, Case No. 2:23-cv-07197.

[33] *Id.* at 7.

[34] Rec. Doc. 7 at 1.

[35] *Id.*

[36] *Id.*

[37] *Id.* at 22.

Avondale concludes, Plaintiffs' motion to remand should be denied and the Court should retain jurisdiction.[38]

Avondale argues that it timely filed the notice of removal because its removal of this matter was permissive.[39] Avondale argues that Plaintiffs' Petition did not start the removal clock because it "contained no allegations that [Decedent] was exposed to vessels that Avondale constructed for the federal government" and thus "did not 'affirmatively reveal on its face' that Plaintiffs' claims were removable."[40] Avondale rejects Plaintiffs' argument that because the discovery responses mirrored the information in the Petition, the removal clock started upon service of the Petition, arguing that "[t]he subjective knowledge of a defendant does not trigger the duty to remove a case."[41] Avondale asserts that "[t]he petition itself, and the allegations within it, must affirmatively reveal on their face that the petition is removable" and that it "cannot be imputed with knowledge it may have gained in other asbestos cases absent any connection drawn by Plaintiffs."[42] Therefore, Avondale submits, it "was not required to remove within 30 days of service of the Petition."[43]

Avondale argues that Plaintiffs' discovery responses were also insufficient to start the removal clock—Avondale relied on its subjective knowledge of the matter to recognize its removability.[44] Avondale submits that the timeliness inquiry must only consider the "'contents of the clock-triggering pleading or other litigation paper[,]'" and whether those materials "'provide[]

---

[38] *Id.*

[39] *Id.* at 9.

[40] *Id.* at 8.

[41] *Id.* at 8–9.

[42] *Id.* at 9.

[43] *Id.*

[44] *Id.* at 9–15.

specific and unambiguous notice that the case satisfies federal jurisdictional requirements[.]'"[45] Because it is removing under 28 U.S.C. § 1442(a), Avondale asserts that it "must demonstrate that [P]laintiffs' claims relate to its work for the federal government[,]" but that "[n]o documents produced by Plaintiffs were specific and unambiguous enough to trigger Avondale's duty to remove."[46] Avondale further asserts that "the discovery responses did not compel Avondale to remove this matter[,]" but that they "permitted Avondale to remove."[47] Thus, Avondale argues, its removal was timely filed as a result.[48]

Avondale argues that while Plaintiff cannot rely on Avondale's subjective knowledge to start the removal clock, Avondale "can rely on its own subjective knowledge to remove a case even when the mandatory removal clock has not been started[.]"[49] Avondale asserts that "[a] defendant is permitted to remove a case using its subjective knowledge, because the 'unequivocally clear and certain' standard only serves to start the mandatory removal clock."[50] Therefore, Avondale submits, "even if Plaintiffs' arguments as to timeliness fail, and Plaintiffs pivot to arguing that the mandatory removal clock has not yet started," removal is still proper under the permissive removal standard.[51]

Avondale asserts that because Plaintiffs "do not challenge the substance of Avondale's removal[,]" the Court "should accept as true, for jurisdictional purposes, that the elements are

---

[45] *Id.* at 10.

[46] *Id.* at 10–11.

[47] *Id.* at 11.

[48] *Id.*

[49] *Id.*

[50] *Id.*

[51] *Id.* at 13–14.

met."[52] Avondale nevertheless addresses each element "out of an abundance of caution[,]" asserting that jurisdiction is established under the federal officer removal statute, 28 U.S.C. § 1442(a)(1).[53]

Avondale contends that Plaintiffs' "pre-removal disclaimer" against "any causes of action which may have occurred in the federal enclave or that occurred due to actions or inactions committed at the direction of a federal officer" are meritless.[54] Avondale argues that "broad jurisdictional disclaimers in state court pleadings . . . have no effect on a defendant's right of removal."[55] Avondale avers that, in cases involving the federal officer removal statute, this is due in part "to the presumption favoring removal[.]"[56] Moreover, Avondale asserts "the right to remove under the federal officer removal statute is absolute in suits relating to acts under color of federal office[,]" and such disclaimers are "simply incompatible with that absolute right."[57]

## III. Legal Standard

Pursuant to 28 U.S.C. § 1442(a)(1), a civil action commenced in state court against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office" may be removed to federal court. The purpose of the federal officer

[52] *Id.* at 16.

[53] *Id.*

[54] *Id.* at 22.

[55] *Id.*

[56] *Id.* at 24.

[57] *Id.*

removal statute is to protect the federal government from undue state interference of its lawful activities.[58] Before Section 1442(a)(1) was amended in 2011, a person acting under a federal officer could only remove a case to federal court if the state lawsuit was "for any act under color of such office;" after the 2011 amendment, Section 1442 allows removal of a state suit "for *or relating to* any act under color of such office."[59] According to the Fifth Circuit, "[t]he plain meaning of the added language broadens the scope of the statute as the ordinary meaning of [the phrase 'relating to'] is a broad one—'to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with.'"[60]

Unlike the general removal statute, which must be strictly construed in favor of remand, the federal officer removal statute's language must be liberally interpreted.[61] Nonetheless, its "broad language is not limitless."[62] It is the removing party's burden to establish the existence of federal jurisdiction over the controversy.[63] The Fifth Circuit has adopted a four-part inquiry to determine whether federal officer removal pursuant to 28 U.S.C. § 1442(a) is proper: "a defendant must show (1) it has asserted a colorable federal defense, (2) it is a 'person' within the meaning of

---

[58] *See Mesa v. California*, 489 U.S. 121, 126 (1989); *Bartel v. Alcoa Steamship Co.*, 64 F. Supp. 3d 843, 852–53 (M.D. La. 2014), *aff'd sub nom. Bartel v. Alcoa S.S. Co.*, 805 F.3d 169 (5th Cir. 2015); *St. Bernard Port, Harbor & Terminal Dist. v. Violet Dock Port, Inc., LLC*, 809 F. Supp. 2d 524, 529 (E.D. La. 2011) (Vance, J.).

[59] 28 U.S.C. § 1442(a)(1) (emphasis added); *Zeringue v. Crane Co.*, 846 F.3d 785, 793 (5th Cir. 2017) (discussing the 2011 amendment).

[60] *Zeringue*, 846 F.3d at 793 (quotation marks omitted).

[61] *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 147 (2007); *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 398 (5th Cir. 1998) ("Furthermore, this right is not to be frustrated by a grudgingly narrow interpretation of the removal statute."); *Bartel*, 64 F. Supp. 3d at 852–53; *St. Bernard Port, Harbor & Terminal Dist.*, 809 F. Supp. 2d at 529.

[62] *Watson*, 551 U.S. at 147; *Winters*, 149 F.3d at 397.

[63] *Winters*, 149 F.3d at 397; *St. Bernard Port, Harbor & Terminal Dist.*, 809 F. Supp. 2d at 530.

the statute, (3) that has acted pursuant to a federal officer's directions, and (4) the charged conduct is connected or associated with an act pursuant to a federal officer's directions."[64]

Unlike removal based on diversity jurisdiction, which requires a party to remove a case within one year of the commencement of the action pursuant to 28 U.S.C. § 1446(c)(1), the time limit for removal under 28 U.S.C. § 1442(a) is governed exclusively by 28 U.S.C. § 1446(b).[65] Section 1446(b) requires that a defendant must file a notice of removal within 30 days of receiving a copy of the initial pleading. Yet, if the case is not originally removable, but it later becomes removable, a party may file a notice of removal within 30 days after the defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained" that the case is removable.[66] A case may only become removable based on such "other paper" through "*a voluntary act by the plaintiff*."[67] "The information supporting removal in a copy of an amended pleading, motion, order or other paper . . . must be unequivocally clear and certain to start the time limit running."[68] "The defendant's subjective knowledge cannot make an action removable.[69]

## **IV. Analysis**

This case was removed pursuant to the federal officer removal statute. In its Notice of Removal, Avondale asserts that, at all material times, it was acting under the authority of an officer of the United States. Plaintiffs seek to remand this matter to state court on two grounds. First,

---

[64] *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296 (5th Cir. 2020).

[65] *See Morgan v. Huntington Ingalls, Inc.,* 879 F.3d 602, 607 (5th Cir. 2018); 28 U.S.C. § 1446(b)(1).

[66] *Id.*; § 1446(b)(3).

[67] *S.W.S Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996) (internal citations omitted).

[68] *Morgan*, 879 F.3d at 608–09 (citations and quotations omitted).

[69] *S.W.S. Erectors*, 72 F.3d at 494 (citing *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992)).

Plaintiffs argue that federal-officer removal is improper because the Petition expressly disclaims any causes of action or potential recoveries arising from omissions committed in connection or association with an officer of the United States. Alternatively, Plaintiffs contend that removal was untimely.

### *A. Whether Plaintiffs' Disclaimer Precludes Federal-Officer Removal*

In the Petition, Plaintiffs include Avondale as a named defendant and stated the period of the alleged exposure as June 1965 to January 1966.[70] The Petition specifically states:

> Plaintiffs explicitly disclaim any causes of action or potential recoveries of any injuries caused by any exposures to asbestos that occurred in a federal enclave. Further, Plaintiffs explicitly disclaim any causes of action or potential recoveries for any injuries caused by any acts or omissions of a party committed in connection or association with or at the direction of an officer of the United States of America.[71]

In the motion, Plaintiffs argue that this express disclaimer precludes removal under the Federal Officer Removal statute. Generally, courts respect express disclaimers such as those pled by Plaintiffs, so long as they are not merely "artful pleading designed to circumvent federal officer jurisdiction."[72] "[T]he majority of federal courts have found that jurisdictional disclaimers in complaints ... are ineffective to avoid federal officer removal jurisdiction."[73] There are two related reasons these disclaimers are ineffective. "First, the presumption under the general removal statute favors remand, due to the limited jurisdiction of federal courts, while the presumption under the federal officer removal statute favors removal, for the benefit of the federal officer involved the

---

[70] Rec. Doc. 1-1 at 8.

[71] *Id.* at 9.

[72] *St. Charles Surgical Hosp., L.L.C. v. Louisiana Health Serv. & Indem. Co.,* 990 F.3d 447, 451 (5th Cir. 2021) (quoting *Dougherty v. A O Smith Corp.*, No. 13-CV-1972, 2014 WL 3542243, at *10 (D. Del. July 16, 2014)).

[73] *Dougherty*, 2014 WL 3542243, at *4.

case."[74] Second, "federal officers may also remove a case based on the existence of a federal defense that is not apparent from the claim alleged" because the well-pleaded complaint rule does not apply to the federal officer removal statute.[75]

Based on the foregoing, the Court is unpersuaded by Plaintiffs' argument that the express disclaimer contained in the Petition precludes removal under the federal officer removal statute. As discussed above, such disclaimers do not necessarily defeat federal officer jurisdiction. Plaintiffs have identified no authority establishing that the disclaimer at issue here is sufficient to foreclose federal officer removal. Accordingly, the Court finds that the disclaimer contained in the Petition does not preclude the exercise of jurisdiction under the federal officer statute. Having determined that Plaintiffs' disclaimer does not preclude removal, the Court next considers whether Avondale timely removed this action under Section 1446(b).

***B. Whether the Petition Triggered the 30-Day Removal Period***

Alternatively, Plaintiffs argue that the allegations in the Petition were sufficient to put Avondale on notice of removability when it was served with the Petition on July 23, 2025. In opposition, Avondale contends that the Petition contained no allegations that the Decedent was exposed to asbestos from vessels that Avondale constructed for the federal government, the Petition did not "affirmatively reveal on its face" that Plaintiffs' claims were removable.

After reviewing the allegations contained in the Petition, the Court finds that the removability of this action under the federal officer removal statute was not ascertainable from the face of the Petition. The Petition does not affirmatively name asbestos exposure due to any federal vessels, federal employees, or other details that would make the case removable under the federal

[74] *In re Asbestos Prod. Liab. Litig. (No. VI)*, 770 F. Supp. 2d 736, 741 (E.D. Pa. 2011).

[75] *Id.*

officer removal statute. Rather than alleging facts connecting Plaintiffs' claims to federal activity, the Petition expressly sought to exclude such claims, by "explicitly disclaim[ing] any causes of action or potential recoveries of any injuries caused by any exposures to asbestos that occurred in a federal enclave."[76] In light of this express disclaimer, the Petition did not provide a factual predicate from which Avondale could ascertain that Plaintiffs' claims implicated federal activity or otherwise placed Avondale on notice of its right to remove the action under the federal officer removal statute.[77]

### *C. Whether the Discovery Response Triggered the 30-Day Removal Period*

In response to Avondale's First Set of Requests for Admission, Interrogatories, and Requests for Production on January 30, 2026, Plaintiffs admit "that [Decedent] was exposed to asbestos containing products from Foster Wheeler, General Electric, Hopeman Brothers, and Paramount Global/Westinghouse and that those exposures caused or contributed to his development of lung cancer…" and Plaintiffs "produced Mr. Labat's Avondale personnel records which show Avondale employment from June 10, 1965 until January 3, 1966."

Plaintiffs argue that the discovery responses merely reiterated the same information already contained in the Petition and therefore did not provide Avondale with any new information establishing removability. In opposition, Avondale contends that Plaintiffs' discovery responses, considered together with Avondale's subjective knowledge concerning the vessels aboard which Hopeman worked and the Westinghouse, Foster Wheeler, and General Electric equipment installed

---

[76] Rec. Doc. 1-1 at 9.

[77] *See e.g., Sampey v. Huntington Ingalls Inc.,* No. CV 20-2779, 2020 WL 7138034, at *3 (E.D. La. Dec. 7, 2020); *see also Waguespack v. Avondale Indus., Inc.*, No. CV 20-1986, 2020 WL 5250340, at *3 (E.D. La. Sept. 3, 2020) (explaining that where "the initial pleading…did not affirmatively reveal on its face that [plaintiff's] alleged exposures were related to a federal vessel…[w]hether Avondale could have nonetheless removed the case when it was first filed based on what it actually knew or could have pieced together from the old work records is beside the point" because the Fifth Circuit has rejected a due diligence requirement for determining whether a case is removable).

during that time period, enabled Avondale to determine that Plaintiffs' claims must relate to federal vessels, as set forth in Avondale's Notice of Removal.

The 30-day removal period is triggered only when the defendant receives "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[78] To start that clock, the information supporting removal in that "other paper" "must be unequivocally clear and certain."[79]

Here, Plaintiffs' January 30, 2026 discovery responses established two relevant facts: (1) that Decedent was exposed to asbestos-containing products manufactured by Foster Wheeler, General Electric, Hopeman Brothers, and Westinghouse; and (2) that Decedent was employed by Avondale from June 10, 1965 through January 3, 1966. Those responses, however, did not identify any particular vessel aboard which Decedent worked, state that any such vessel was constructed pursuant to a federal contract, or otherwise connected Decedent's alleged asbestos exposure to work performed under the direction of a federal officer. Standing alone, the discovery responses did not affirmatively disclose the factual nexus to establish federal-officer removal.

Avondale's argument appears to acknowledge that the discovery responses were insufficient standing alone. Avondale does not contend that Plaintiffs expressly identified a federal vessel or federal activity in their responses. Instead, Avondale asserts that the responses became significant when combined with its own historical knowledge concerning the vessels under construction during Decedent's employment and the equipment installed aboard those vessels. But if Avondale was required to consult information outside of Plaintiffs' discovery responses and draw additional factual inferences to connect Decedent's employment and asbestos exposure to

---

[78] 28 U.S.C. § 1446(b)(3).

[79] *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (quotation omitted).

federal vessels, the discovery responses themselves did not make removability unequivocally clear and certain.

Regardless, even if Plaintiffs' discovery responses did not add any new information to trigger the removal clock, it was still permissible for Avondale to remove the matter. "[E]ven if the thirty-day clock has not started to run, removal is proper if a defendant is able to show why the case is removable."[80] "If, before the 30–day clock starts, a defendant can demonstrate by a preponderance of the evidence that the jurisdictional threshold is met, he or she may remove without being required to 'unlock' the 30–day window by presenting 'unequivocally clear and certain' evidence."[81] Plaintiffs do not dispute that the elements of federal officer removal pursuant to 28 U.S.C. § 1442(a) are satisfied. Therefore, although the discovery responses did not meet the unequivocally clear and certain standard, which would have required Avondale to remove the case within 30 days, there was sufficient evidence to make removal proper, and Avondale was not prohibited from removing based on the discovery responses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand[82] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 14th day of September, 2026.

Nannette Jolivette Brown

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[80] *Ragusa v. Louisiana Ins. Guaranty Ass.*, 573 F. Supp. 3d 1046, 1052 (E.D. La. Nov. 23, 2021).

[81] *Chandler v. Ruston Louisiana Hosp. Co. LLC*, No. 14-CV-121, 2014 WL 1096365, at *6 (W.D. La. Mar. 19, 2014).

[82] Rec. Doc. 6.